IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent. | § | |
| | § | |
| | § | CRIMINAL NO. H-08-358-1 |
| VS. | § | CIVIL ACTION H-11-2199 |
| | § | |
| NOE HEREDIA SANCHEZ, | § | |
| | § | |
| Defendant/Movant, | § | |

## OPINION AND ORDER

Pending before the Court in the above referenced causes are (1) Movant Noe Heredia Sanchez's ("Sanchez's") § 2255 motion to vacate, set aside or correct sentence (instrument #1 in H-11-CV-2199; #50 in H-08-CR-358-1), (2) United States Magistrate Judge Frances Stacy's memorandum and recommendation (#56 in H-08-CR-358-1) that Sanchez's § 2255 motion be denied, and (3) Sanchez's objections (#57 H-08-CR-358-1).

A *pro se* complaint is "held to less stringent standards than formal pleadings drafted by lawyers." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 521 (1972). *Pro se* pleadings are liberally construed. *Haines*, 404 U.S. at 521. Nevertheless *pro se* litigants must provide sufficient facts in support of their claims; "mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *United*

-1-

*States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). "Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1009, 1011 (5th Cir. 1983); *see also U.S. v. Onwuasoanya*, 180 F.3d 261 (Table), No. 96-20877, 1999 WL 274479, *2 (5th Cir. Apr. 16, 1999). "[A] district court does not commit error when it disposes of a habeas petitioner's claims without holding a full-fledged hearing when those claims are unmeritorious, conclusory, and wholly unsupported by the record." *Id.* at 1011 n.2; *id.*

To briefly summarize the history of this case, which is discussed in far more detail in the Magistrate Judge's memorandum and recommendation, on August 15, 2009, after being found unlawfully in this country, without consent of the Attorney General or the Secretary of the Department of Homeland Security, after his removal following a conviction of an aggravated felony, Sanchez pleaded guilty without a written plea agreement to an indictment charging him with illegal reentry by a previously deported alien after an aggravated felony conviction in violation of 8 U.S.C. § 1326(a) and (b)(2).[1]   #16, Minute Entry; #44, Transcript of

---

[1] The statute provides in relevant part,

(a) In general

-2-

Rearraignment.   Before  sentencing,  a  pre-sentence  investigation

report  ("PSR")[2]  was  prepared  for  Sanchez,  who  filed  no  written

---

Subject to subsection (b) of this section, any alien who-

(1)  has  been  denied  admission,  excluded,
deported,  or  removed  or  has  departed  the
United  States  while  an  order  of  exclusion,
deportation,  or  removal  is  outstanding,  and
thereafter

(2) enters,  attempts  to  enter,  or  is  at  any
time found in,  the United States,  unless (A)
prior to his reembarkation at a place outside
the  United  States  or  his  application  for
admission from foreign contiguous territory,
the  Attorney  General  has  expressly  consented
to  such  alien's  reapplying  for  admission; or
(B) with respect to an alien previously denied
admission and removed,  unless such alien shall
establish  that  he  was  not  required  to  obtain
such advance consent under this chapter or any
prior Act,

shall  be  fined  under  Title  18,  or  imprisoned  not  more
than 2 years, or both.

(b)  Criminal  penalties  for  reentry  of  certain  removed
aliens

Notwithstanding  subsection  (a)  of  this  section,  and  the
case  of  any  alien  described  in  such  subsection-

.  .  .

(2)  whose  removal  was  subsequent  to  a  conviction  for
commission  of  an  aggravated  felony,  such  alien  shall  be
fined  under  such  title,  imprisoned  not  more  than  20
years,  or  both  .  .  .  .


[2] As  opined  by  the  district  court  in  *Anderson v. U.S.*,  Nos.
3:10-CV-02227-B-BH  and  3:08-CR-134-B,  2010  WL  2382336,  *3  (N.D.
Tex.  May  10,  2010),

objections to it (#20, 21, 22, and 24).  The PSR scored Sanchez at a base offense level of 8.   Pursuant to § 2L1.2(b)(1)(A)(i),[3] Sanchez was assessed a 16 level adjustment for his 1999 conviction for a "drug trafficking offense," Delivery of a Controlled Substance (Cocaine) in Texas state court.[4]   He was credited for

_____

A PSR generally "bears sufficient indicia of reliability, such that a sentencing judge may consider it as evidence in making the factual determinations required by the Sentencing Guidelines." *United States v. Huerta*, 182 F.3d 361, 364 (5th Cir. 1999).  While "a district court must resolve disputed issues of fact if it intends to use those facts as a basis for sentencing, the court can adopt facts contained in a PSR without inquiry, if those facts ha[ve] an adequate evidentiary basis and the defendant does not present rebuttal evidence." *Id.* (*quoting United States v. Puig-Infante*, 19 F.3d 929, 943 (5th Cir. 1994).  Furthermore, "[a] defendant's rebuttal evidence must demonstrate that the information contained in the PSR is 'materially untrue, inaccurate or unreliable,' and '[m]ere objections do not suffice as competent rebuttal evidence.'" *Id. (quoting United States v. Parker*, 133 F.3c 322, 329 (5th Cir. 1998).

[3] Section 2L1.2(b)(1)(A)(i), addressing offenses involving immigration, states in relevant part, " . . .  If the defendant previously was deported, or unlawfully remained in the United States, after--(A) a conviction for a felony that is (i) a drug trafficking offense for which the sentence imposed exceeds 13 months, . . . increase [the base offense level] by 16 levels if the conviction receives criminal history points under Chapter Four . . ."
    "'Drug trafficking offense' means an offense under federal, state or local law that prohibits the manufacture, import, export, distribution or dispensing of, or offer to sell a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute or dispense." *Id.*. cmt. n. 1(B)(iv).

[4] On August 12, 1999, Sanchez was given eight years' probation for this conviction, and on November 17, 2005 his probation was revoked and he was sentenced to two years' incarceration in Texas

-4-

acceptance of responsibility.  Thus the Court, adopting the PSR as its own, found that he had a total guideline level of 21, criminal history category IV, for a guideline sentencing range of 57-71 months of incarceration.  On January 16, 2009 the Court sentenced Sanchez to a term of 57 months of imprisonment.  #25, Minute Entry; #40, Transcript of Sentencing Hearing.

On direct appeal, challenging only the enhancement, Sanchez argued that the Court erred by relying solely on the PSR to determine erroneously that Sanchez's state conviction was a "drug trafficking offense" under U.S.S.G. § 2L1.2(b)(1)(A)(i) for purposes of the 16-level enhancement.[5]  Affirming the district court, the Fifth Circuit rejected this argument and further pointed out that Sanchez did not contest his conviction for the subject crime nor that the facts underlying the conviction would otherwise qualify for the 16-level adjustment.  The panel noted, "[Sanchez's] only point is that the district court needed to ground its factual findings about the prior conviction in one of the permissible

---

State Prison. #44, p. 18, ll. 18-23.  He was subsequently deported to Mexico on on February 7, 2006.

[5] Generally, to determine if a prior conviction is a qualifying offense for enhancement purposes, a district court examines the judgment of conviction and relevant statute. *U.S. v. Aguilar-Ortiz*, 430 F.3d 1271, 1273 (11th Cir. 2006).  If the "judgment of conviction and statute are ambiguous," the court should decide whether the conviction is a qualifying offense by examining only the charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." *Id*. at 1273-74, *quoting Shepard v. U.S.*, 544 U.S. 13, 16 (2005).

sources of information," i.e., "'the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented,'" but "not the particular facts underlying those convictions," as mandated by the Supreme Court in *Shepard v. U.S.*, 544 U.S. 13, 16 (2005). *U.S. v. Sanchez*, 389 Fed. Appx. 378, 380, No. 09-20063, 2010 WL 3119482, *2 (5th Cir. Aug. 9, 2010). The Fifth Circuit disagreed and concluded,

> Sanchez mischaracterizes the basis of the findings. The record shows that he assented to the facts in the PSR, including those facts about his prior conviction. "[R]eliance on a defendant's admission of facts that are contained in the PSR is permissible" to support a guideline enhancement. [*U.S. v. Ramirez*, 557 F.3d 200 (5th Cir. 2009).]

*Sanchez*, 2010 WL 3119482 at *2. *See also U.S. v. Aviles-Solarzano*, 623 F.3d 470, 475 (7th Cir. 2010)(when a defendant does not object to a PSI's factual summary of a prior qualifying conviction, the district court is entitled to rely on that summary without hunting for supporting documentation; "There is no reason to go digging for a state-court indictment if the parties agree on what it says."); *U.S. v. Beckles*, 565 F.3d 832, 843-44 (11th Cir. 2009)(where no proper objection is made to the PSR's factual statements, the facts are deemed undisputed and "the sentencing court [may] rely upon them without error even if there is an absence of supporting evidence."); *U.S. v. Wade*, 458 F.3d 1273, 1277 (11th Cir. 2006)("[A] failure to object to allegations of fact in a PSI admits those

facts for sentencing purposes."). Sanchez did not file a petition for certiorari, and his conviction became final on November 8, 2010.

In his § 2255 motion, Sanchez asserts three claims of ineffective assistance of counsel at sentencing: (1) regarding the 16-level enhancement, he complains that counsel failed to contest it, that his 1999 conviction in Texas for Delivery of Controlled Substance is not a "drug trafficking offense" for purposes of the adjustment, and that Sanchez did not qualify for the adjustment because he actually served less than a year imprisonment on the conviction; (2) counsel failed to object to his criminal history assessment because the "recency" provision[6] was amended (i.e.,

---

[6]   Section 4A1.1(e)(Criminal History Category) of the Guidelines.   The United States Sentencing Commission ("the Commission") deleted this provision through Amendment 742, which went into effect on November 1, 2010, and § 41A1.1(f) was redesignated as (e).   75 Fed. Reg. 27,388 (May 14, 2010).   The Commission did not give Amendment 742 retroactive effect.   *See, e.g., U.S. v. Williams*, 495 Fed. Appx. 96, 96-97 No. 00-3111, 2013 WL 499480, *1 (D.C. Cir. Jan. 18, 2012)(citing U.S.S.G. § 1B1.10(c)(2010)(Guidelines amendments that should be given retroactive effect do not include Amendment 742) and *Dillon v. U.S.*, 130 S. Ct. 2683, 2691 (2010).   *See also U.S. v. Drath*, 89 F.3d 216, 218 (5th Cir. 1996); *U.S. v. Arroyo-Jurado*, 477 Fed. Appx. 150, 151 (5th Cir. Apr. 19, 2012).   Thus the recency provision as it existed at the time of Sanchez's sentencing on January 16, 2009 applies to Sanchez's case (U.S.S.G. § 1B1.11).   That pre-2010 amendment provision stated, "Add 2 points if the defendant committed the instant offense less than two years after release from imprisonment on a sentence counted under (a) or (b) or while in imprisonment or escape status on such a sentence.   If 2 points are added for item (d), add only 1 point for this item." "[C]ounsel was not ineffective for failing to anticipate subsequent changes in the law or failing to challenge the law as it existed at the time of sentencing." *U.S. v. Helm*, Cr. No. C-06-521(1), C.A.

deleted) in November 2010, and now gives him a Criminal History category III, not IV; and (3) Counsel did not argue for departure due to collateral consequences of alienage.

The Sixth Amendment guarantees a defendant the right to have counsel present at all "'critical' stages of the criminal proceedings" against them. *Missouri v. Frye*, 132 S. Ct. 1399, 1405 (2012). The Sixth Amendment right to counsel extends to the plea-bargaining process. *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012), *citing Missouri v. Frye*, 132 S. Ct. at 1405, and *Padilla v. Kentucky*, 130 S. Ct. 1473, 1486 (2010). Moreover, the two-prong test under *Strickland v. Washington*, 466 U.S. 668 (1984), "'applies to challenges to guilty pleas based on ineffective assistance of counsel.'" *Id., quoting Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

To establish that counsel was ineffective, the defendant must prove: (1) "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," *Strickland,* 466 U.S. at 687 (the "performance" prong), and (2) "that the deficient performance prejudiced the defense" (the "prejudice" prong). *Id.* The reviewing court need not consider both prongs if the court finds that the defendant has failed to prove either. *Id.* For the deficient performance prong, counsel's performance must be examined "on the facts of the particular case, viewed as of the time of counsel's conduct" and

No. C-08-317, 2009 WL 780883, *3 (S.D. Tex. Mar. 20, 2009).

the defendant "must show that counsel's representation fell below an objective standard of reasonableness" measured according to "prevailing professional norms." *Id.* at 690, 688.  To prove that trial counsel's deficient performance prejudiced the defense, the defendant must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome [of a criminal trial]." *Id.*  This heavy burden requires a "substantial," not merely a "conceivable," likelihood of a different result.  *Harrington v. Richter,* 131 S. Ct. 770, 787 (2011); *see also Cullen v. Pinholster,* 131 S. Ct. 1388, 1403 (2011).  In deciding whether the result would have been different, "a court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." *Strickland*, 466 U.S. at 695; *Brown v. Thaler*, 684 F.3d 482, 491 (5th Cir. 2012), *cert. denied*, ___ S. Ct. ___, No. 12-7258, 2011 WL 598586 (Feb. 19, 2013).  "An error by counsel, even if professionally unreasonable does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691.

Generally if a convicted defendant moving to vacate fails to raise a claim on direct appeal, he may not raise it on collateral review unless he shows cause and prejudice or that he is actually

innocent. *U.S. v. Scruggs*, 691 F.3d 660, 666 (5th Cir. 2012). "[I]neffective assistance of counsel claims are ordinarily brought for the first time on collateral review because of the difficulty of compiling an adequate record by the time of direct appeal." *U.S. v. Gaudet*, 81 F.3d 585, 589 n.5 (5th Cir. 1996).  They are not subject to the usual procedural default rule, but must be brought within the one-year limitations period for § 2255 motions. *Scruggs*, 691 F.3d at 669.

In the context of a guilty plea, the Supreme Court and the Fifth Circuit have held that a defendant must demonstrate that counsel provided ineffective assistance and that but for counsel's errors, the defendant would not have pleaded guilty, but would have gone to trial. *Hill,* 474 U.S. 52; *Joseph v. Butler*, 838 F.2d 786, 792 (5th Cir. 1988).  The defendant must provide more than mere allegations to that effect. *Joseph*, 838 F.2d at 791.

On a claim of ineffective assistance of counsel, the court is "highly deferential" and there is a strong presumption that counsel's performance was reasonable or "might be considered sound trial strategy." *Strickland*, 466 U.S. at 689.  Given this presumption, the court is "'required not simply to give [the] attorneys the benefit of the doubt, . . . but to affirmatively entertain the range of possible reasons [the defendant's] counsel may have had for the proceeding as they did.'" *Clark v. Thaler*, 673 F.3d 410, 421 (5th Cir. 2012), *quoting Cullen v. Pinholster*, 131

S. Ct. 1388, 1407 (2011).  To overcome the presumption of counsel's competence, the convicted defendant "must identify acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. *Strickland*, 466 U.S. at 690. "'A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *U.S. v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002)(*quoting Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983)), *cert. denied*, 525 U.S. 809 (1998).  Courts must make "every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.*

A guilty plea that is not knowingly, voluntarily, and intelligently entered is invalid. *U.S. v. Guerra*, 94 F.3d 989, 994 (5th Cir. 1996).  A federal habeas court will uphold a guilty plea "if it is shown by the record . . . that a defendant understood the charge and its consequences when he pled guilty." *Deville* v. Whitley, 21 F.3d 654, 657 (5th Cir. 1994), *citing Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir.), *cert. denied*, 474 U.S. 838 (1985).  To determine the validity of a guilty plea, courts must decide "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to

the defendant." *Hill*, 474 U.S. at 56; *U.S. v. Juarez*, 672 F.3d 381, 385-86 (5th Cir. 2012). A plea is intelligent if the defendant understood the nature and substance of the charges against him and not necessarily whether he understood their technical legal effect. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995), *citing Taylor v. Whitley*, 933 F.2d 325, 329 (5th Cir. 1991), *cert. denied*, 503 U.S. 988 (1992); *U.S. v. Suarez*, 155 F.3d 521, 524-25 (5th Cir. 1998). A guilty plea is "knowing" when the defendant understands "the consequences" of a guilty plea, i.e., he knows the maximum prison term and fine for the offense charged. *Guerra*, 94 F.3d at 995. A guilty plea in not voluntary if it is obtained by threats, misrepresentations, unfulfilled promises, or promises of an improper nature." *U.S. v. Hernandez*, 234 F.3d 252, 255 n.3 (5th Cir, 2000). Nevertheless unless a defendant receives a "reasonably effective assistance of counsel in connection with his decision to plead guilty [he] cannot be said to have made that decision either intelligently or voluntarily." *Mason v. Balcom*, 531 F.2d 717, 725 (5th Cir. 1976).

Conclusory allegations, regardless whether they are made by a *pro se* litigant or counsel, are insufficient to raise cognizable claims of ineffective assistance of counsel. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000), *citing Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983).

"Normally, a defendant who has testified at a plea hearing to

the voluntariness of his or her guilty plea will not be allowed to refute such testimony given under oath.  'Solemn declarations in open court carry a strong presumption of verity, forming a formidable barrier in any subsequent collateral proceedings.'" *U.S. v. Merrill*, Cr. Docket No. 02-277, 2008 WL 2355728, *14 (E.D. La. June 5, 2008), *citing U.S. v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 2008), *quoting Blackledge v. Allison*, 431 U.S. 63, 74-75 (1977).

The Court has reviewed the magistrate Judge's memorandum and recommendation *de novo*.

Regarding Sanchez's first claim of ineffective assistance of counsel, i.e., that counsel failed to argue that Sanchez's 1999 conviction in Texas for Delivery of Controlled Substance was not a "drug trafficking offense" for purposes of adjustment, Magistrate Judge Stacy correctly opined that as a matter of law as of November 1, 2008 it was a "drug trafficking offense" under the Sentencing Guidelines and fell within the 16-level enhancement under § 2L1.2(b)(1)(A)(i). *United States v. Marban-Calderon*, 631 F.3d 210, 212 (5th Cir. 2011), *cert. denied*, 132 S. Ct. 129 (2011).  *See also U.S. v. Herrera-Escobedo*, 440 Fed. Appx. 365, 367-68 (5th Cir. Sept. 8, 2011); *U.S. v. Fuentes*, No. 11-20592, 2013 WL 115497, *1 (5th Cir. Jan. 9, 2012).  Sanchez further complained that he did not qualify for the adjustment because he actually served less than a year in prison for the conviction.  The Magistrate Judge correctly

-13-

applied the holding of *U.S. v. Complan-Torres*, 320 F.3d 514, 516 (5th Cir. 2003) that under federal and state law and the Texas Code of Criminal Procedure art. 42.01, "a sentence imposed upon revocation of probation [prior to the convicted defendant's deportation] is treated as a sentence on the original underlying offense." For his Texas drug conviction, Sanchez was originally sentenced to eight years of probation on August 12, 1999. His probation was revoked and he was sentenced to two years of confinement on November 7, 2005, *before* he was deported to Mexico on February 7, 2006. Under *Compian-Torres* the two-year sentence, imposed before his deportation, is deemed part of his 1999 sentence for purposes of the Guidelines, and not as a sanction for new conduct of illegal reentry. Section 2L1.2(b)(1)(A)(i) "requires that a defendant's sentence of over thirteen months be imposed before the defendant's deportation." *U.S. v. Lopez*, 634 F.3d 948, 950 (7th Cir. 2011). If the sentence before a defendant's deportation is less than thirteen months, if he reenters and is subsequently sentenced for violating his probation on the prior drug offense conviction, it "does not satisfy the temporal restriction of section 2L1.2(b)(1)(A)(i)" and therefore the 16-level enhancement would not apply. *Id. In accord, U.S. v. Guzman-Bera*, 216 F.3d 1019, 1020 (11th Cir. 2000)("when a defendant has simply been placed on probation and has not been sentenced to a prison term at the time of deportation and reentry, the 'aggravated

-14-

felony' enhancement does not apply."); *U.S. v. Compres-Paulino*, 393 F.3d 116, 118 (2d Cir. 2004)("the determinative factor" is that the defendant has been convicted of a drug felony *before* he was deported).

Sanchez's second ineffective assistance claim is that counsel failed to object to two points being added to his criminal history score under U.S.S.G. § 4A1.1(e) because that provision was subsequently amended and the Commission recognized that recency points are not always good predictors of criminal history or past criminal history.  As noted in footnote 6 of this Opinion and Order, the amended version does not apply retroactively.  Thus the Court concurs with the Magistrate Judge that Sanchez fails to show ineffective assistance in counsel's failure to raise a frivolous objection.

Third and last, Sanchez contends that counsel was ineffective for failing to move for a downward departure due to the collateral consequences of his conviction, i.e., that as a deportable alien he was not eligible for more lenient conditions of imprisonment, or to participate in such Bureau of Prison programs and drug treatment and early release.  Here, too, this Court agrees with the Magistrate Judge that under the sentencing guidelines, while a court may downwardly depart on the grounds that a defendant is a deportable alien, such a departure is proper only in an extraordinary case, that such cases are "highly infrequent," and

that Sanchez has failed to show that his is an extraordinary case warranting such a departure. *U.S. v. Garay*, 235 F.3d 230, 232-33 & n.8 (5th Cir. 2000). Furthermore, in an immigration offense, the defendant's alienage has been taken into consideration and therefore cannot serve as the basis for a downward departure. *Id.* at 233-34 (defendant's "status as deportable alien, as an inherent element of his crime, has already been considered by the Commission in formulating the applicable guidelines"). *See also U.S. v. Jasso*, 460 Fed. Appx. 432, (5th Cir. Feb. 15, 2012)(*per curiam*)("A defendant's status as a deportable alien cannot serve as a ground for a downward departure if the defendant is sentenced for an immigration offense of which his alien status is an element . . . ."). Therefore the Court would not have reduced his sentence even if counsel raised the objection. Thus the Court finds that Sanchez has failed to show that counsel's performance was deficient or that he was prejudiced by counsel's performance in any way.

Sanchez's objections (#57) consist mainly of complaints about the facility in which he was incarcerated, matters irrelevant to his motion under § 2255. The proper vehicle to challenge conditions of confinement in federal prison is 42 U.S.C. § 2241, which is "typically used to challenge the manner in which a sentence is executed." *Reyes-Requena v. U.S.*, 243 F.3d 893, 900-01 (5th Cir. 2001), and *Palomino v. Federal Bureau of Prisons*, 408 F. Supp. 2d 282, 294 (S.D. Tex. 2005). The use of § 2241 may be made

-16-

only after exhaustion of Bureau of Prisons administrative remedies. *Palomino*, 408 F. Supp. 2d at 286-87.  Moreover these conditions of confinement are not related to dissatisfaction with counsel, nor do they constitute direct challenges to the voluntariness of Sanchez's plea.

Sanchez's objections reiterate his challenge based on counsel's failure to object to the two points (one at paragraph 33, the other paragraph 7) added to his criminal history, for which the Probation Officer submitted no supporting documents in violation of *Shepard*.  He contends that if counsel had objected to the two points, even though his Criminal History category would still have been IV, he claims "it is arguable that the new amendment 742 would have reduced it by two additional points," placing him in category III.  The Magistrate Judge and this Court have concluded that amendment 742 is not retroactive, that it does not apply to his case, and that failing to challenge the law as it existed at the time of sentencing is not ineffective assistance of counsel.

Last, Sanchez objects, again pursuant to the 2010 amendment to the Guidelines, that the Court should consider that he did not commit a crime against another human being or threaten society, that he is willing to return to Mexico and never come back to this country, that he only returned because of family circumstances, i.e., his mentally ill son had to be committed to a mental health provider, and that he has "culturally assimilated" into American

-17-

society and this country since he came and was admitted as a legal
resident in 1985.  The Magistrate Judge has demonstrated through
the transcript that at Sanchez's sentencing, counsel did argue for
a sentence at the low end of the guideline range based on his
family circumstances and his claim to want to live in Mexico.
Regardless, this Court would point to U.S.S.G. § 5H1.6, clearly
stating, "In sentencing a defendant convicted of an offense other
than an offense described in the following paragraph, family ties
and responsibilities are not ordinarily relevant in determining
whether a departure may be warranted."  A court may consider as a
mitigating factor, but is not required to give dispositive weight
to, a defendant's cultural assimilation.  U.S.S.G. § 5K2.0; *U.S. v.
Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir.), *cert. denied*, 555
U.S. 1050 (2008).  *See also U.S. v. Rodriguez-Montelongo*, 263 F.3d
429, 433-34 (5th Cir. 2001)("cultural assimilation is a permissible
basis for downward departure" under § 5K2.0, but such a departure
is only appropriate where the circumstances are "so atypical or
extraordinary.").   Such  is  not  the  case  here.   Sanchez's
substantial criminal history in violation of the laws of the United
States and illegal return after deportation undermine his request
for a downward variance or departure.  The Court does not find
these factors warrant § 2255 relief in his case.  "The concept of
cultural  assimilation  denotes  a  certain  conformity  to  socially
acceptable standards of conduct. . . . Persistent criminal activity

-18-

is not a socially acceptable standard of conduct." *U.S. v. Castillo*, 386 F.3d 632, 639 (5th Cir.)(Pickering, J., dissenting), *cert. denied*, 543 U.S. 1029 (2004); *U.S. v. Garcia-Mejia*, No. H-06-0403, 2006 WL 2524091, *8 (S.D. Tex. Aug. 31, 2006)(rejecting defendant's argument that his counsel was deficient because Garcia-Mejia's extensive criminal history did not merit departure under cultural assimilation).   Thus any failure by counsel to assert these factors did not prejudice Sanchez.

Because the Court agrees with the Magistrate Judge as to all Sanchez's ineffective assistance of counsel claims, the Court ADOPTS her memorandum and recommendation as its own.   Because either the Magistrate Judge or this Court has addressed the issues raised in Sanchez's meritless objections, the Court further

ORDERS that Sanchez's objections are OVERRULED and his § 2255 motion is DENIED.

An appeal of a final order in a habeas corpus proceeding cannot be taken "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Rule 11 of the § 2255 rules instructs this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the § 2255 applicant even if the applicant does not request one or file a notice of appeal." Because the Court finds that Movant has failed to make a substantial showing of the denial of a constitutional right, nor shown that reasonable jurists could

debate whether the motion should have been resolved differently, nor that the issues raised by Sanchez should be encouraged to proceed further,[7] the Court

ORDERS that a certificate of appealability is DENIED.

**SIGNED** at Houston, Texas, this 22nd day of May, 2013.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

[7] *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *U.S. v. Jones*, 287 F.3d 325, 329 (5th Cir. 2001).